## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>   Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE,<br>Washington, DC 20511,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Office of the Director of National Intelligence to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant, Office of the Director of National Intelligence ("ODNI"), is an agency of the United States government and is headquartered in Washington, DC 20511. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 30, 2025, Plaintiff submitted a FOIA request to Defendant, seeking access to the following records:

- Any and all records concerning, regarding, or relating to the delay of ODNI's statutorily required reports regarding significant enrichment activity by the Islamic Republic of Iran;

- Any and all communications between ODNI and the White House concerning, regarding, or relating to the production and/or delay of the above referenced reports;

- Any and all communications between ODNI and the Biden presidential campaign concerning, regarding, or relating to the production and/or delay of the above referenced reports; and

- Any and all communications between ODNI and the Harris presidential campaign concerning, regarding, or relating to the production and/or delay of the above referenced reports.

The timeframe of the request was "January 1, 2024 to present."

6. By letter dated July 28, 2025, Defendant acknowledged receiving Plaintiff's request on June 30, 2025, and advised Plaintiff that the request had been assigned tracking number DF- 2025-00582. Plaintiff has received no communication from Defendant since the acknowledgment letter.

7. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the

2

reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by July 29, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non- exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 12, 2026									Respectfully submitted,

*/s/ Ramona Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5175
Fax:   (202) 646-5199
Email: rcotca@judicialwatch.org

*Attorneys for Plaintiff*